UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITIMORTGAGE, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> CORTE MADERA HOMEOWNERS ASSOCIATION, et al., <br><br> Defendant(s). | Case No. 2:16-CV-398 JCM (GWF) <br><br> ORDER |

Presently before the court the matter of *CitiMortgage, Inc. v. Corte Madera Homeowners Association et al.*, case number 2:16-cv-00398-JCM-GWF.  On June 14, 2017, the court granted summary judgment in favor of defendants/counterclaimants Susan Patchen ("Patchen") and the Eagle and the Cross LLC's ("Eagle") (collectively "counterclaimants").  (ECF No. 45).  Plaintiff CitiMortgage, Inc. ("Citi") appealed.  (ECF No. 47).

The Ninth Circuit, in a published opinion and accompanying memorandum, affirmed in part, reversed in part, and remanded.  (ECF Nos. 51; 52).  Pursuant to the Ninth Circuit's instructions in its opinion, this order considers whether the subject property was property of the debtor or of the estate, whether the notices violated the bankruptcy stay, and whether Citi has standing to challenge the alleged violation.  (ECF No. 51 at 18).

**I.      Background**

This case involves a dispute over real property located at 2517 Danborough Court, Unit 106, Las Vegas, Nevada 89106.  On June 3, 2006, Kathy J. Horton refinanced the property by way of a loan in the amount of $120,100.00, which was secured by a deed of trust recorded June 13,

**James C. Mahan**
**U.S. District Judge**

2006. (ECF No. 30-1). The deed of trust was assigned to Bank of America Home Loans, and the assignment was recorded on December 24, 2009. (ECF No. 30-2).

Horton filed a petition for bankruptcy under chapter 7 of the bankruptcy code on February 29, 2012. (ECF No. 1 at 6). She received a chapter 7 discharge on May 30, 2012. *Id.*

After Horton's discharge but while her bankruptcy case remained pending, Bank of America assigned the deed of trust to Citi. That assignment was recorded June 26, 2013. (ECF No. 30-4). Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien on July 2, 2013, and a notice of default and election to sell to satisfy the delinquent assessment lien on October 11, 2013. (ECF Nos. 30-5; 30-6).

Horton's bankruptcy case was closed on October 17, 2013. (ECF No. 1 at 6).

On April 18, 2014, NAS recorded a notice of foreclosure sale. (ECF No. 30-7). On May 16, 2014, Patchen purchased the property at the foreclosure sale for $11,100.00. (ECF No. 30-9). A trustee's deed upon sale in favor of Patchen was recorded May 19, 2014. *Id.* Thereafter, Patchen quitclaimed her interest in the property to Eagle via a quitclaim deed recorded March 18, 2015. (ECF No. 30-11).

On February 26, 2016, Citi filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS and the HOA; and (4) injunctive relief against Eagle. (ECF No. 1).

Citi and counterclaimants moved for summary judgment (ECF Nos. 30, 31), and the court granted summary judgment in counterclaimants' favor (ECF No. 45). Citi appealed.[1] (ECF No. 47). The Ninth Circuit affirmed the court's dismissal of Citi's due process and tender arguments. (ECF Nos. 51; 52). The Ninth Circuit also affirmed the court's finding that there was no evidence of fraud, oppression, or unfairness that justified setting aside the HOA's foreclosure sale. (ECF No. 52).

---

[1] Citi did not appeal the court's order insofar as it dismissed Citi's claims for breach of the duty of good faith, wrongful foreclosure, or injunctive relief. (ECF No. 51 at 7).

James C. Mahan
U.S. District Judge

- 2 -

The Ninth Circuit reversed this court's decision only as it pertains to Horton's bankruptcy vis-à-vis the HOA's foreclosure sale. (ECF No. 51 at 15–18). The Ninth Circuit remanded the case with the following instructions: "We therefore remand for the district court to consider whether the property was property of the debtor or of the estate, to determine whether the notices violated the bankruptcy stay, and to address whether Citi has standing to challenge the alleged violation." *Id.* at 18.

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).    Rule 56 also provides that the district court may grant summary judgment *sua* sponte as follows:

> (f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f).

Notably, summary judgment cannot be rendered *sua sponte* on an issue unless the parties have been put on adequate notice by the court to come forward with evidence on an issue. *Celotex Corp.*, 477 U.S. at 326 ("[D]istrict courts . . . possess the power to enter summary judgments *sua sponte*, **so long as the losing party was on notice that she had to come forward with all of her evidence**." (emphasis added)); *Fountain v. Filson*, 336 U.S. 681, 682–83 (1949).

"A litigant is entitled to reasonable notice that the sufficiency of his or her claim will be in issue. Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Portsmouth Square, Inc. v. Shareholders Protective*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) (citations omitted).  Thus, if a party "had a full and fair opportunity to ventilate the issues involved in the motion," then the court may grant summary judgment in favor of the non-movant.  *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1439–40 (9th Cir. 1995) (quoting *United States v. Grayson,* 879 F.2d 620, 625 (9th Cir. 1989)) (quotation marks omitted).

**III.     Discussion**

When drafting the bankruptcy code, Congress balanced the rights of both creditors and debtors with the code's principal purpose in mind: "to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007) (citation omitted).  To that end, filing a bankruptcy petition instantly creates, collects, and protects the debtor's "bankruptcy estate."  *See generally* 11 U.S.C. §§ 362, 541, 542.  This "bankruptcy estate "is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," including property "wherever located and by whomever held."  *Id.* § 541(a) (emphasis added).

The code immediately protects the debtor because the bankruptcy petition automatically "operates as a stay," *id.* § 362(a), the scope of which is "quite broad" and "applies to almost any type of formal or informal action against the debtor or property of the estate," *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 746–47 (9th Cir. 2017) (first quoting *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993), then quoting *Stringer v. Huet (In re Stringer)*, 847 F.2d 549, 552 n.4 (9th Cir. 1988)) (internal quotation marks omitted).

"[V]iolations of the automatic stay are void, not voidable."  *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).  But standing to challenge violations of the automatic stay is limited "to those Congress designated as beneficiaries of the stay."  *In re Brooks*, 871 F.2d 89, 90 (9th Cir. 1989).  And the automatic stay is "one of the fundamental **debtor protections** provided by the bankruptcy laws."  H.R. Rep. No. 595, 95th Cong., 1st Sess., 340 (1977) (emphasis added); S. Rep. No. 989, 95th Cong., 2nd Sess., 54 (1978); *see also In re Pecan Groves of Ariz.*, 951 F.2d 242, 245 (9th Cir. 1991) ("[T]he majority of jurisdictions which have considered standing under the automatic stay provision, 11 U.S.C. § 362, have concluded that section 362 is intended solely to benefit the debtor

**James C. Mahan**
**U.S. District Judge**

- 4 -

estate.").

Thus, only a debtor and the bankruptcy trustee[2] have standing to challenge purported violations of the automatic stay. On the other hand, "a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay." *In re Pecan Groves of Ariz.*, 951 F.2d at 245. "This proposition is clear from the language of § 362(a), which by its terms only protects the debtor and the property of the estate from the enumerated threats." *In re Franck*, 19 F.3d 1440 (9th Cir. 1994) (unpublished).

Here, Citi is indisputably a creditor to Horton's bankruptcy case. (ECF Nos. 1; 30-1; 30-2; 30-4). Citi was neither the debtor nor the trustee. Thus, Citi lacks standing to challenge any purported violation of the automatic stay in Horton's bankruptcy case.

The court need not reach the other two issues presented by the Ninth Circuit. Because Citi has no remaining challenges to the HOA foreclosure sale, summary judgment is appropriate in counterclaimants' favor.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court grants summary judgment in counterclaimants' favor *sua sponte*.

The court is instructed to enter judgment and close the case accordingly.

DATED July 27, 2020.

                                                    /s/ James C. Mahan
                                                    UNITED STATES DISTRICT JUDGE

---

[2] "[I]f **the trustee** does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay." I*n re Pecan Groves of Ariz.*, 951 F.2d at 245 (emphasis added).

**James C. Mahan**
**U.S. District Judge**

- 5 -