MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  melanie.morgan@akerman.com
Email:  scott.lachman@akerman.com

*Attorneys for CitiMortgage, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CITIMORTGAGE, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>CORTE MADERA HOMEOWNERS ASSOCIATION; SUSAN PATCHEN; THE EAGLE AND THE CROSS LLC; NEVADA ASSOCIATION SERVICES, INC.,<br><br>                    Defendants. | Case No.:      2:16-cv-00398-JCM-GWF<br><br>**STIPULATION AND ORDER REGARDING DEED OF TRUST**<br><br>**APN: 139-20-716-057** |
| SUSAN PATCHEN; and THE EAGLE AND THE CROSS LLC,<br><br>                    Counterclaimants,<br>v.<br><br>CITIMORTGAGE, INC.; and DOES 1 through 10, inclusive; ROE Corporations 1 through 10, inclusive,<br><br>                    Counterdefendants. | |

1

On January 13, 2022, the Ninth Circuit issued a Mandate, which returned jurisdiction to this Court for proceedings consistent with the Ninth Circuit Court of Appeals' November 14, 2021, Memorandum.  The Memorandum reversed this Court's July 27, 2020, Order that had granted summary judgment in favor of Susan Patchen (**Patchen**) and the Eagle and the Cross LLC (**Eagle**) (collectively **Defendants**).  The Ninth Circuit concluded that CitiMortgage, Inc. (**Citi**) had standing to challenge a violation of the automatic bankruptcy stay and that there was such a violation of the stay.

The Court, having considered the Memorandum, the parties' stipulation, and good cause appearing, makes the following findings of fact, conclusions of law, and order.

## **FINDINGS OF FACT**

1.      This case involves the ownership to, and lien rights against, that certain real property located at 2517 Danborough Court, Unit 106, Las Vegas, NV 89106 (the **Property**).

2.      On or about November 26, 2007, Kathy Horton (**Horton**) executed a deed of trust dated November 26, 2007 (the **Deed of Trust**) that listed Home Loan Center Inc. as the lender, and Mortgage Electronic Registration Systems Inc. (**MERS**), as the beneficiary.  The Deed of Trust was recorded in the property records of Clark County, Nevada.

3.      In a written assignment that was recorded on December 24, 2009, MERS assigned the Deed of Trust to Bank of America, N.A. (**BANA**).  BANA assigned the Deed of Trust to Citi in a written assignment that was recorded on June 26, 2013.

4.      On July 2, 2013, Nevada Association Services, Inc. (**NAS**) recorded a notice of delinquent assessment lien as agent of the HOA, stating that Horton had breached the CC&Rs by failing to pay her regular assessments and that the HOA claimed a lien on the Property.

5.      The HOA, through NAS, then recorded a notice of default and election to sell on October 11, 2013.

6.      Both notices were recorded while the automatic stay was in effect from Horton's bankruptcy case, which was filed on February 29, 2012 in the U.S. Bankruptcy Court for the District of Nevada. *In re Horton*, No. 12:12197-led.

///

///

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

7.      In her chapter 7 petition, Horton listed the Property as an asset. She stated in her petition that she intended to surrender the Property to the bankruptcy estate and did not claim it as exempt.

8.      The Property remained property of the estate until October 17, 2013, when the trustee's report stated that he abandoned the Property, and the bankruptcy court entered a final decree discharging the trustee and closing the case. *In re Horton*, No. 12:12197-led, ECF No. 26, 27. No party ever sought or received relief from the automatic stay.

9.      NAS continued with the foreclosure, recording a notice of sale in April 2014.

10.     At the May 16, 2014, foreclosure, NAS sold the property to Patchen.

11.     In March 2015, Patchen quitclaimed the property for zero dollars to Eagle, a limited liability company she owns and controls.

## CONCLUSIONS OF LAW

1.      In accordance with the Memorandum, this Court adopts the Ninth Circuit's conclusion that the HOA's foreclosure sale was void because it was barred by the automatic stay resulting from Horton's bankruptcy.

2.      Last year, the Ninth Circuit decided that the holder of a deed of trust may bring an action under Nevada's quiet title statutes (NRS 40.010) to obtain an order declaring a homeowners association foreclosure sale void on the basis that the sale violated the automatic bankruptcy stay. *Bank of New York Mellon v. Enchantment at Sunset Bay Condo. Ass'n*, 2 F.4th 1229, 1232 (9th Cir. 2021).

3.      On the basis of *Enchantment*, the Ninth Circuit held in the Memorandum Opinion that Citi had standing to bring its quiet title claim based on the alleged bankruptcy stay violation.

4.      The Ninth Circuit also decided that the Property was property of the bankruptcy estate because Horton did not claim the Property as exempt in her bankruptcy petition.

5.      Accordingly, the Ninth Circuit determined that "[t]he recording of the notice of delinquent assessment lien and notice of default violated the automatic stay because the automatic stay prohibits 'any act to create, perfect, or enforce any lien against property of the estate.'" Mem. Op. at 3 (quoting 11 U.S.C. § 362(a)(4)).

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

*CitiMortgage, Inc. v. Corte Madera Homeowners Association*
*2:16-cv-00398-JCM-GWF*

5.     The Ninth Circuit cited Nevada law for the proposition that, "the recording of a notice of default pursuant to Nevada law violates the automatic bankruptcy stay, rendering the foreclosure sale void." Mem. Op. at 3 (*citing Premier One Holdings, Inc. v. Bank of New York Mellon*, 401 P.3d 1145, 2017 WL 4158138 at * 1 (Nev. Sept. 19, 2017) (unpublished)).

6.     Under the mandate rule, "when a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *U.S. v. Luong,* 627 F.3d 1306 (9th Cir.2010); *see also U.S. v. Miller,* 822 F.2d 828, 832 (9th Cir. 1987) ("The rule is that the mandate of an appeals court precludes the district court on remand from considering matters which were either expressly or implicitly disposed of upon appeal.").

7.     Because the Ninth Circuit held that the HOA's recording of the notice of delinquent assessment lien and notice of default violated the automatic bankruptcy stay, this Court rules in accordance with the law of the case and holds that the HOA's foreclosure sale was void because it violated the automatic bankruptcy stay.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the property located at 2517 Danborough Court, Unit 106, Las Vegas, NV 89106, APN 139-20-716-057 remains encumbered by the Deed of Trust recorded in the Clark County Recorder's Office as Instrument Number 2006013-0002764.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Foreclosure Deed recorded in the Clark County Recorder's Office as Instrument Number 20140519-0003166 is void and did not convey any valid title or interest to Susan Patchen.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment is entered in Citi's favor on all claims Citi asserted against the Defendants and all claims the Defendants asserted against Citi.

///

///

///

4

*CitiMortgage, Inc. v. Corte Madera Homeowners Association*
*2:16-cv-00398-JCM-GWF*

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this Order may be recorded in the Clark County Recorder's Office.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion for post-remand status check or alternatively submission of a post-remand order declaring the deed of trust survived the HOA sale [ECF No. 69] filed by Citi on January 25, 2022 is hereby vacated as moot.

**IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all claims are now resolved and the clerk of court shall close this matter.

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** March 4, 2022
_____

*Submitted by:*

*/s/ Scott R. Lachman*
_____
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for CitiMortgage, Inc.*

*/s/ Garrett R. Chase*
_____
GARRETT R. CHASE, ESQ.
Nevada Bar No. 14498
**SHUMWAY VAN**
8985 S. Eastern Avenue, Suite 100
Las Vegas, NV 89123

*Attorneys for Susan Patchen and
Eagle and the Cross LLC*

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28